# EXHIBIT C

CAUSE NO. _____

| | |
|---|---|
| MATTHEW NOBLE | **IN THE JUSTICE COURT** |
| Plaintiff, | |
| v. | **PRECINCT 1 PLACE 1** |
| RENT RECOVERY SOLUTIONS, LLC, | **HARRIS COUNTY, TEXAS** |
| Defendant. | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff MATTHEW NOBLE, (hereinafter referred to as "Plaintiff") and files this *Original Petition against* Defendant RENT RECOVERY SOLUTIONS, LLC (hereinafter referred to as "Defendant") and shows the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.     This Court has personal jurisdiction over all the parties because all parties reside and/or engage in business in the State of Texas.  Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

3.     Plaintiff seeks monetary relief within this Court's jurisdictional limits.

4.     Venue in Harris County, Texas is proper in this cause pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas.

## PARTIES AND SERVICE

5.     Plaintiff is a natural person residing in Humble, Texas.

6.     Plaintiff is allegedly obligated to pay a "Consumer Debt" to Defendant for an alleged obligation arising out of a transaction in which the money, property, insurance, or services are primarily for personal, family, or household purposes in the amount $695.94.

7.     Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

8.     Defendant Rent Recovery Solutions, LLC is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas may be served with through its registered agent Corporation Service Company for service of process at 211 E. 7th Street, Suite 620, Austin, TX 78701.

9.     Defendant is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

10.    Defendant is a debt collector as defined under 15 USC §1692(a)(6).

## FACTUAL ALLEGATIONS

11.    Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

12.    On or about January 6, 2021, Defendant sent Plaintiff a letter attempting to collect on a debt.

13.    Defendant stated in the first paragraph: "We request and **require** that this matter receive your **immediate attention**." overshadowing the second paragraph which states in sum and substance: "You have 30 days to dispute the validity of this debt and 30 days to request in writing

the name and address of the original creditor." See Exhibit A, the debt collection letter from Defendant.

14.     On or about January 17, 2021, Plaintiff did in fact send a letter to Defendant disputing the debt. See Exhibit B.

15.     As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has suffered an informational injury, distress, and frustration as Defendant provided him with false information regarding time sensitivity.

**FIRST CAUSE OF ACTION**
**THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.**
**§1692 *et seq.***

16.     Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

17.     Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

18.     Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19.     Section §1692g(b) provides that:

(2) Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

20.     For the aforementioned-reasons, Defendant has violated §§1692(e) & 1692(g).

21.     For these reasons, Defendant has violated the FDCPA.

22.     For these reasons, Defendant is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

23.     Plaintiff re-alleges and incorporates by reference paragraphs in this petition as though fully set forth herein.

24.     Defendant's debt collection efforts against Plaintiff violates the TDCA.

25.     Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

> (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

26.     For the aforementioned-reasons, Defendant violated the TDCA.

27.     For these reasons, Defendant is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

28.     Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, demands judgment from Defendant as follows:

1.     Award Plaintiff statutory damages up to $1,000 under the FDCPA;

2.     Award Plaintiff actual damages under the FDCPA to be determined by the jury;

3.     Award Plaintiff actual damages under the TDCA to be determined by the jury;

4.     Award Plaintiff injunctive relief under the TDCA;

5.   Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses

under both the FDCPA and TDCA; and

6.   Award Plaintiff such other and further relief as this Court may deem just and proper.

**DATED**: March 2, 2021                    Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

*/s/ Shawn Jaffer*
**Shawn Jaffer**
Texas Bar No. 24107817
Email: attorneys@jaffer.law
8111 Lyndon B Johnson Fwy, Suite 100
Dallas, Texas 75251
T: (214) 494-1871
F: (888) 530-3910
***Attorneys for Plaintiff***